UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Celina Gutierrez | § § § § | Civil Action No. |
| v | § § | 5:20-cv-452 |
| | § § § | |
| I.C. System, Inc. and Sprint | § § | |
| Corporation | § § § | |

Complaint

_____

Introduction

1. In enacting the Fair Debt Collection Practices Act, Congress intended to put a stop harassing, abusing, and untruthful representations by debt collectors. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. When a debt collector receives notice that a debt is disputed, they are required to update its credit reporting to reflect the dispute. A failure to report a disputed debt as disputed violates 15 U.S.C. § 1692e(8).

3. An entity collecting its own debts is subject to Chapter 392 of the Texas Finance Code. Chapter 392 prohibits an entity, in collecting its own debts, from making false representations about a debt.

4. Plaintiff brings this action against Defendants under the FDCPA and Texas Finance Code seeking recovery of her actual damages, statutory damages, attorney's fees and costs.

Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

8. Plaintiff, Celina Gutierrez, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, I.C. System, Inc. is a Minnesota corporation whose 444 Highway 96 E Vadnais Hts, MN 55127-2557. ICS can be served via its registered agent CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

10. ICS is a third-party debt collector. As such it is required to have a bond on file with the Texas Secretary of State. Its bond number is 104314203.

11. Defendant, Sprint Corporation is a Delaware Corporation who 6200 Sprint Pkwy Overland Park, KS 66251-6117. According to the Texas Comptroller of Public Accounts it does not have a registered agent on file.

Facts

12. ICS regularly collects, and attempts to collect, allegedly defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes.

13. It collects these debts on behalf of others using the U.S. Mail, telephone, and internet.

14. The principal purpose of ICS is the collection of such debts.

15. The Debt is aa allegedly defaulted debt that Gutierrez used for personal, family, and household purposes (the "Debt").

16. Sprint is a telecommunications company that is in the business of selling cellular phones and service plans.

17. In January 2013 Gutierrez and her husband purchased Apple iPhones at a Best Buy in San Antonio.

18. The phones were tied to a Sprint cell phone plan that used a CDMA network.

19. When they got home, the reception on the phones for the Sprint service was so poor they could not make or receive calls. Their home was out of range.

20. They went back to Best Buy and returned in their Sprint iPhones for AT&T iPhones. At this time Best Buy cancelled the Spring service plan and began a new service plan with AT&T.

21. AT&T used a GSM network.

22. The Sprint phones (CDMA) were incompatible with the AT&T service (GSM) plan so they had to be returned.

23. Gutierrez and was given credit for the returned phones and cancelled plan.

24. Back at home the AT&T service was superior to Sprint.

25. Gutierrez thought nothing further of the transaction until the she received a collection letter attempting to collect an alleged debt owed to Sprint.

26. Gutierrez and her husband sent their paperwork showing they had returned the Sprint phones and did not owe the debt, and the debt collector ceased collection.

27. To Gutierrez's recollection this happened every year. She considered it an inconvenience, but because it was always resolved easily, after the proof of return of the Sprint phones was sent.

28. Until this year.

29. In a letter dated January 10, 2020 ICS attempted to collect the Debt.

30. Gutierrez contacted ICS informed them she was disputing the debt and provided the same documentation that had been provided to previous collectors.

31. Instead of honoring its duty to mark the debt as disputed, ICS dug in and continued its collection efforts.

32. Sprint has known since the return of the phones in January 2013 that Gutierrez does not owe it any money.

33. The fact that Gutierrez does not owe the debt has not deterred Sprint from putting it out for collection.

34. Sprint has a duty to refrain from putting debts out for collection that it knows are now owed. It has failed to honor this duty.

35. Per the ICS letter the alleged debt still belongs to Sprint.

36. Sprint continues to attempt to collect a debt it knows is not owed.

First Cause of Action – Fair Debt Collection Practices Act

37. ICS is a debt collector as defined by 15 U.S.C. § 1692a(6).

38. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

39. Gutierrez is a consumer as defined by 15 U.S.C. § 1692a(3).

40. The January letter is a communication as defined by 15 U.S.C. § 1692a(2).

41. ICS violated the FDCPA in that it:

   a. Misrepresented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

   b. Failed to report a debt as disputed after receiving a dispute in violation of 15 U.S.C. § 1692e(8).

Second Cause of Action –Texas Finance Code Chapter 392 against Sprint

   42. Gutierrez is a consumer as defined by Tex. Fin. Code § 392.001(1).

   43. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

   44. Sprint is a debt collector as defined by Tex. Fin. Code § 392.001(6).

   45. Placing the debt for collection with ICS is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

   46. Sprint violated the Texas Finance Code in that:

      a. It misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code § 392.304(a)(8); and

      b. It used a false representation or deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

Jury Demand

   47. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
b. Statutory damages per 15 U.S.C. § 1692k(a)(2);
c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);
d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and
e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated April 9, 2020					Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226-0800
210 338-8660 fax
Bill@clantonlawoffice.com